JON E. MAKI, CAL. BAR NO. 199958
Law Office of Jon E. Maki
4135 Calle Isabelino
San Diego, CA 92130
Telephone:  (858) 876-2580
Facsimile:   (858) 876-1915
Email:  jonmaki.esq@gmail.com

Attorney for Defendants
Carol Giannini & Glacier Technical Solutions, LLC,

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC OPERATIONS, INC.<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROL GIANNINI, an individual; GLACIER TECHNICAL SOLUTIONS, LLC, an Alaska limited liability company; AND DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 18-CV-00189-JLS-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Date:**　November 15, 2018<br>**Time:**　1:30 p.m.<br>**Court:**　4D<br>**Judge:**　Hon. Janis L. Sammartino |

## I. Introduction

Defendants Glacier Technical Solutions, LLC ("GTS") and Carol Giannini ("Giannini") (collectively the "GTS defendants") move to stay Plaintiff, Strategic Operations, Inc. ("STOPS") claims of patent infringement under the "customer-suit" doctrine and in favor of another lawsuit[1], by the same plaintiff pending in this Court, against the manufacturer who supplied the only product (TTK) accused of infringement in both lawsuits.  The KBZ defendants are the manufacturer of the TTK and thus the "true defendant."  The issues of alleged infringement by the TTK as to the manufacturer and the GTS defendants are entirely common and will facilitate the just, convenient, efficient, and less expensive determination.  The traditional factors considered by the Ninth Circuit in evaluating a stay favor granting one in this matter.  Plaintiff will not be prejudiced as it will continue to proceed against the manufacturer of the accused device.  The GTS defendants will suffer harm being forced to proceed in parallel with the manufacturer of the accused product.  Issues, proof, and questions of law will be simplified by only the KBZ proceeding moving forward at this time.  Therefore, the GTS defendants request a stay of this action pending resolution of the KBZ matter.

## II. Factual Background

### A. GTS Defendants' Allegedly Infringing Activities were for the Government

Defendant GTS had a government contract that included trauma training.  GTS' rental and use of the allegedly infringing device (TTK) was for the United States military only.  During the performance of the government contract, Defendant Giannini was an employee of GTS.  Defendant Giannini was acting within the scope of her employment as the General Manager with GTS when renting

---

[1] Strategic Operations, Inc. v. Brea K. Joseph, Kasey Erokhin, KBZ FX, and KBZ FX, Inc., Case No. 3:17-CV-1539-JLS WVG (defendants sometimes collectively referred to herein as "KBZ defendants").

and using the TTK in performance of duties for the U.S. government under the government contract.  The GTS' government contract in question ended on July 31, 2017.

### B. There is an Identity of Patents and Claims Between the Two Lawsuits

Plaintiff first filed suit against the KBZ defendants on July 28, 2017. STOPS filed an amended complaint against the KBZ defendants on September 12, 2018 after KBZ's motion to dismiss was granted on August 13, 2018.  The First Amended Complaint (FAC) against the KBZ defendants contains three U.S. patents of infringement (U.S. Patent Nos. 8,840,403, 9,336,693 and 9,916,774).

Plaintiff filed suit against the GTS defendants on January 27, 2018. The complaint against the GTS defendants contains two of those same patents (U.S. Patent Nos. 8,840,403 and 9,336,693).  The GTS defendants have not yet filed an answer or otherwise responsive pleading in response to the complaint.

The only product accused of infringement in the complaints is the "TTK" made by the KBZ defendants.  Indeed, the complaints contain nearly identical allegations related to the accused device, the TTK.  *See* Document 1, Case 3:18-cv-00189-GPC-JMA; Document 16, Case 3:17-cv-01539-JLS-WVG  *See also* Exhibits 1-3 to Declaration of Jon E. Maki, which are the respective complaints and a table containing common infringement claims from those complaints.

Both the GTS complaint and the KBZ FAC contain infringement allegations against TTK based on U.S. Patent Nos. 8,840,403 and 9,336,693. (Maki declaration, Exh 1, Para. 31; Exh. 2, Para. 42 & 52).  Both complaints allege that the TTK Suit is provided without authorization and embodies and uses inventions claimed in the '403 Patent and the '693 Patent. (Maki declaration, Exh 1, Para. 39; Exh. 2, Para. 51).  Both complaints allege that the TTK is used in military training exercises. (Maki declaration, Exh 1, Para. 37; Exh. 2, Para. 50).  Both complaints allege that at no time has STOPS granted Defendants authorization, license, or

permission to practice the inventions claimed in the '403 Patent and the '693 Patent and that STOPS has been damaged by the alleged infringement. (Maki declaration, Exh 1, Para. 39; Exh. 2, Para. 51). Finally, both complaints contend that the infringement is willful and will continue unless enjoined. (Maki declaration, Exh 1, Para. 40; Exh. 2, Para. 56). Thus, the issues of alleged infringement are entirely common in the two cases.

Although the KBZ case was filed six months prior, neither the KBZ defendants nor the GTS defendants have answered the complaint[2] so the cases stand in the same procedure posture including no Early Neutral Evaluation or infringement and invalidity contentions exchanged. The GTS defendants file this motion to stay in lieu of an answer or 12(b) motion but without prejudice to their ability to do so in the future and with a full reservation of rights of all available defenses and jurisdictional challenges.

### III. Argument

#### A. This Court has Discretion to Grant a Stay

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (*quoting CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: (1) the possible damage which may result from the granting

---

[2] The KBZ defendants filed a motion to dismiss for failure to state a claim which was granted with leave to amend resulting in the First Amended Complaint by Plaintiff. The KBZ defendants have since filed a second motion to dismiss for failure to state a claim to be heard the same day as this motion (though no oral argument was requested by the KBZ defendants. (Case No. 3:17-CV-1539-JLS WVG, Docket No. 17, September 26, 2018).

of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*; *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) ("In determining whether to stay proceedings, the Court considers the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party.").

In this case, each of these factors favors granting the requested stay. Plaintiff will not be damaged by granting the stay because STOPS will continue to proceed against the KBZ defendants. The GTS defendants will suffer hardship and inequity if the case proceeds due to the time and expense of patent litigation in a case parallel to the manufacturer of the accused product. Judicial economy and the orderly course of justice will result from simplifying issues, proof, and questions of law by a stay in this action in favor of the lawsuit against the KBZ defendants.

### B. The Nintendo Case Expanded the Customer-Suit doctrine

The "customer-suit" doctrine began as an exception to the "first-to-file" rule where a customer was sued for patent infringement and the manufacturer later filed a declaratory judgment action for noninfringement or patent invalidity. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). The exception exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the "true defendant" in the dispute. *See Carucel Invs., L.P. v. Novatel Wireless, Inc.* 2016 U.S. Dist. LEXIS 192609, *7 (S.D. Cal. May 13, 2016, Huff, J.) *quoting Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("The customer suit exception 'is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse.'")

The *In re Nintendo* case expanded the reasoning to other situations such

as when the customer and the manufacturer are joined in the same lawsuit.  ("While the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant.") 756 F.3d at 1365.  *Accord Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 2016 U.S. Dist. LEXIS 192609 (S.D. Cal. May 13, 2016) *quoting Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 2016 U.S. Dist. LEXIS 55205, 2016 WL 1659924, at *2 (E.D. Tex. Apr. 26, 2016) ("The customer-suit exception has also been applied in multi-defendant actions in which the manufacturer and retailers are defendants in the same case.")

Now under Federal Circuit case law, where, as here, a patentee sues a manufacturer's customers based on the manufacturer's products, the action against the manufacturer takes precedence.  *In re Nintendo of Am., Inc.*, 756 F.3d at 1365.  The reason is that the manufacturer is often considered "the true defendant … [and] must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *See Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed. Cir. 1990) (*quoting Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977)).

A stay is appropriate when the litigation against the manufacturer alone will "resolve the 'major issues' concerning the claims against the customer." *See Spread Spectrum Screening,* 657 F.3d at 1358 (*quoting Katz*, 909 F.2d at 1464) ("In a subsequent decision, however, we clarified that the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer — not every issue — in order to justify a stay of the customer suits.")  The stay "facilitate[s] [a] just, convenient, efficient, and less expensive determination," and does not burden the customer with unnecessary litigation. *Nintendo*, 756 F.3d at 1365.

In *Nintendo*, the Federal Circuit held that the principles underlying the "customer-suit" doctrine – facilitating a "just, convenient, efficient, and less

expensive determination" – included cases in which both the manufacturer and the customer were joined in a single action. 756 F.3d at 1365.  "Several district courts have followed *Nintendo* and similarly extended the principles underlying the 'customer-suit' doctrine to cases in which the manufacturer and the customer are joined in the same action for the same infringement claims." *Tile Tech, Inc. v. Appian Way Sales, Inc.*, 2018 U.S. Dist. LEXIS 77568, *5 (W.D. Wash. May 18, 2018) (citations omitted).  *See also Wok & Pan, Indus. v. Staples, Inc*., 2015 U.S. Dist. LEXIS 185193, *5 (C.D. Calif. Aug. 25, 2016) ("This is exactly the sort of customer-suit for which the customer-suit exception was designed.  Wok & Pan does not dispute that Maxchief designs and manufactures the UT-18 table, that MECO imports the table, and that Staples merely sells the table in its retail stores.  Nor does Wok & Pan dispute that the noninfringement and invalidity claims presented in the Manufacturer Action are identical to (and will ultimately be dispositive of) the patent infringement claims at issue in this action.")  Here, major issues with the GTS defendants (customer) will be resolved by proceeding with the KBZ defendants (manufacturer).

Other courts have used the customer-suit exception to sever customers from the action against the manufacturers. *See Carucel Invs., L.P. v. Novatel Wireless, Inc*. 2016 U.S. Dist. LEXIS 192609, *7-8 (S.D. Cal. May 13, 2016, Huff, J.).  The procedural posture in this case is essentially the same as one in which customers were severed from manufacturers and their case stayed (the GTS defendants' requested relief).

As demonstrated above and in Exhibits 1-3 to the Maki declaration, the allegations and claims in the two infringement actions are entirely common to the defendants.  Indeed, the GTS defendants and the KBZ defendants could likely have been joined since both sets of defendants' alleged infringement involved the same series of transactions or occurrences.  Perhaps the change in joinder rules under Section 299 of the Leahy-Smith America Invents Act ("AIA") caused the separate

lawsuits to be filed. Nevertheless, a stay is appropriate when the litigation against the manufacturer alone will "resolve the 'major issues' concerning the claims against the customer" as is the case here. *Spread Spectrum Screening*, 657 F.3d at 1358 (*quoting Katz*, 909 F.2d at 1464).

Here, the issues of infringement are entirely common as to the manufacturer (KBZ defendants) and the customer (GTS defendants). STOPS has sued defendants for infringement of the same two patents. Thus, if plaintiff's patents are found to be invalid or not infringed in the KBZ action, those determinations would resolve major issues of this case.

### C. Prohibition Against Double Recovery

STOPS cannot get a double recovery windfall of royalties on both the KBZ defendants' alleged infringement (making) and the GTS defendants' alleged infringement (using). The law generally allows a patentee to sue manufacturers or sellers and users of an infringing device as joint tortfeasors, and the law permits multiple suits, but not multiple (i.e., double) recoveries. *See Transclean v. Jiffy Lube,* 474 F.3d 1298, 1303 (Fed. Cir. 2007) ("….a patentee may not sue users of a patented product for damages if he has collected actual damages from a manufacturer or seller and those damages fully compensate the patentee for infringement by users." citing *Birdsell v. Shaliol*, 112 U.S. 485, 488-89 (1884)); *see also Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) (citing *Birdsell* and holding that a patentee could not sue users for damages because actual damages covering the use of the product had already been recovered from the manufacturer).

Granting this motion would resolve these claims more efficiently and conveniently because the issues of non-infringement and invalidity are common to the defendants and if plaintiff were to collect royalties from the KBZ defendants, plaintiff would precluded from recovering again from the GTS defendants.

**D.      The Traditional Factors in Considering a Stay also Favor Granting the GTS Defendants' Motion**

The Ninth Circuit recognizes three factors in considering a stay:

(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

Said another way, "[i]n determining whether to stay proceedings, the Court considers the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).  Here, each of these factors favors granting a stay of the action against the GTS defendants. The KBZ defendants are the manufacturer of the accused product and therefore the "true defendants" making proceeding in their case both more efficient and without harm to the plaintiff's ability to prove its common claims.  GTS defendants will suffer a hardship of the cost and expense of defending a parallel tracked litigation for alleged infringement for which they no longer have the government contract. And the KBZ action will simplify the issues, proof, and questions of law if the stay was later lifted and the GTS litigation re-started.

**IV.     Conclusion**

The plaintiff's lawsuits allege infringement of the same patents by the same product.  However, one set of defendants is the manufacturer and the other set of defendants is the customer.  Under the customer-suit doctrine, the manufacturers are the "true defendants" and have a greater interest in defending the action.  Recent Ninth Circuit and Federal Circuit case law supports a stay of the action against the customers.

The issues of alleged infringement by the manufacturers' accused product, TTK, are entirely common to the GTS defendants in this case. Furthermore, staying this action in favor of the KBZ defendants will facilitate the just, efficient, and less expensive determination. The traditional factors considered by the Ninth Circuit in evaluating a stay – (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party – favor granting one in this matter.

Plaintiff will not be prejudiced as it will continue to proceed against the manufacturer of the accused device. The GTS defendants would suffer harm being forced to proceed in parallel with the manufacturer of the accused product. Common issues, proof, and questions of law will be simplified by only the KBZ case proceeding moving forward at this time.

Accordingly, the GTS defendants respectfully request that the Court grant the requested stay of this action pending resolution of Case No. 3:17-CV-1539-JLS WVG against the KBZ defendants.

October 1, 2018

By   /s Jon E. Maki
Jon E. Maki
Law Offices of Jon E. Maki
Attorney for Defendants
CAROL GIANNINI and GLACIER TECHNICAL SOLUTIONS LLC

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 1, 2018, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

October 1, 2018

By  /s Jon E. Maki
Jon E. Maki
Law Offices of Jon E. Maki
Attorney for Defendants
CAROL GIANNINI and GLACIER TECHNICAL SOLUTIONS LLC