# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRATEGIC OPERATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CAROLE GIANNINI, and individual; GLACIER TECHNOLOGY SOLUTIONS, LLC, an Alaska limited liability company; and DOES 1–10, inclusive, <br><br> Defendants. | Case No.: 18-CV-189 JLS (WVG) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY** <br><br> (ECF No. 15) |

Presently before the Court is Defendants Carol Giannini and Glacier Technical Solutions, LLC's ("GTS") Motion to Stay ("Mot.," ECF No. 15). Also before the Court is Plaintiff Strategic Operations, Inc.'s ("StOps") Response in Opposition to ("Opp'n," ECF No. 16) and Defendants' Reply in Support of ("Reply," ECF No. 18) the Motion. The Court took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 17. Having considered the Parties' arguments, the evidence, and the law, the Court **GRANTS** Defendants' Motion.

/ / /

/ / /

1

# BACKGROUND

StOps is a tactical trauma training company that provides realistic training environments, training scenarios, and proprietary training products and services for military, law enforcement, and other organizations. ECF No. 1 ("Compl.") ¶ 3. StOps is the exclusive licensee of United States Patent Nos. 8,840,403 (the "'403 Patent) and 9,336,693 (the "'693 Patent") (together, the "Patents-in-Suit"). *Id.* ¶ 14. The Patents-in-Suit "pertain to devices and methods for simulating realistic-looking, dynamic injuries that a person may receive during a traumatic event." *Id.* ¶ 15. "The devices claimed in the . . . Patent[s-in-Suit] are especially useful for medical and combat training purposes as they can be worn by 'role players' during a simulated traumatic event to mimic a plurality of different combat-related bleeding wounds and internal injuries and allow first responders to perform medical treatment on the same." *Id.* "StOps sells a trauma training and surgical simulator product which embodies one or more of the claims of the . . . Patent[s-in-Suit] under the trade name 'Cut Suit.'" *Id.* ¶ 16.

Ms. Giannini is a resident of San Diego County, *see id.* ¶ 4, who is associated with GTS, *see id.* ¶ 18, an Alaskan limited liability company with principal places of business in El Paso, Texas, and Oceanside, California. *See id.* ¶ 5. Ms. Giannini "has become familiar with StOps' Cut Suit," *id.* ¶ 19, including by "rent[ing] Cuts Suits from StOps for use in military training exercises." *Id.* ¶ 20. "[T]hrough this rental, [Ms. Giannini] has become keenly familiar with the Cut Suit, its capabilities and benefits[,] and demand for the Cut Suit in the marketplace." *Id.*

"In recent years, [Defendants have] ceased rentals of the Cut Suits from StOps, and instead [have] provided a similar Trauma Training Kit ("TTK") in conjunction with military training exercises." *Id.* ¶ 21. StOps believes that the TTK "embodies and uses inventions claimed in the . . . Patent[s-in-Suit]." *Id.* ¶ 30. Consequently, "Defendants have directly infringed, and continue to directly infringe, the . . . Patent[s-in-Suit] by making, using, offering to sell, and/or selling the TTK in conjunction with their trauma training exercises." *Id.* ¶ 31.

On January 27, 2018, StOps filed a Complaint against Defendants alleging a single cause of action for infringement of the Patents-in-Suit. *See generally* ECF No. 1. The action was transferred to this Court pursuant to the low number rule because of its relation to *Strategic Operations, Inc. v. Joseph*, No. 17-CV-1539 JLS (WVG) (S.D. Cal. filed July 28, 2017) (the "*Joseph* Action"). *See* ECF No. 4. Following several extensions of time within which to respond to the Complaint, *see* ECF Nos. 10, 12, 14, Defendants filed the instant Motion.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay proceedings includes the discretion to grant stays "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 595 F.2d 857, 863 (9th Cir. 1979). Moreover, "[t]his rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 863–64 (citations omitted).

The inherent power of district courts to grant stays "calls for the exercise of sound discretion," by which a court must weigh the competing interests of the parties that would be affected by a grant or denial of a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit has identified three competing interests that warrant the closest examination in this analysis: (1) the hardship or inequity upon the non-moving party that would result from granting the stay, (2) the hardship or inequity upon the moving party in being required to go forward after denial of the stay, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay. *Id.*; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Finally, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*,

556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

## ANALYSIS

Defendants request that the Court stay this action in favor of the *Joseph* Action under both the "customer-suit" doctrine and the traditional *Lockyer* factors. *See, e.g.*, Mot. at 1.

### I. The Customer-Suit Doctrine

Defendants urge that, "where, as here, a patentee sues a manufacturer's customers based on the manufacturer's products, the action against the manufacturer takes precedence." Mot. at 5 (citing *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014)). This is because "the manufacturer is often considered 'the true defendant.'" *Id.* (quoting *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990)). Defendants claim that a stay is warranted here because if the Patents-in-Suit "are found to be invalid or not infringed in the [*Joseph* A]ction, those determinations would resolve major issues of this case" because "the issues of infringement are entirely common as to the manufacturer (KBZ defendants [in the *Joseph* Action]) and the customer (GTS defendants)" and StOps "has sued defendants for infringement of the same two patents." *Id.* at 7. Defendants additionally contend that "[g]ranting this motion would resolve the[] claims more efficiently and conveniently because the issues of non-infringement and invalidity are common to the defendants and it plaintiff were to collect royalties from the KBZ defendants, plaintiff would be precluded from recovering again from the GTS defendants." *Id.*

StOps counters that "[t]his is not simply a 'customer-suit' case as proposed by Defendants." Opp'n at 7. Although "[t]his case and the [*Joseph* Action] are both related to infringement of some of the StOps Patents[, t]hat is where the similarities stop." *Id.* at 4. For example, "[d]ifferent infringing conduct is alleged against" Defendants here, such as contributory infringement. *Id.* "Further, the analysis related to damages varies greatly between the cases[] and[,] in this case, would extend far outside any involvement by [the defendants in the *Joseph* Action]." *Id.* at 5.

The Court concludes that application of the customer-suit doctrine makes sense under these circumstances. The Patents-in-Suit are identical to two of the three patents-in-suit in the *Joseph* Action. Further, both this action and the *Joseph* Action allege theories of patent infringement based on the TTK that is made by the defendants in the *Joseph* Action.[1] Not only would a stay best conserve judicial resources, but the defendants in the *Joseph* Action—as the manufacturer and/or seller of the TTK—are therefore the true defendant in this case. Consequently, a stay as to Defendants would be appropriate to spare them the burdens of trial while the defendants in the *Joseph* Action litigate StOps' infringement claims with respect to their manufacture or sale of the TTK. *See, e.g.*, *Xiaohua Huang v. Open-Silicon, Inc.*, No. 18-CV-00707-JSW (LB), 2018 WL 5099275, at *4 (N.D. Cal. Aug. 27, 2018); *Upaid Sys., Ltd. v. CleanDan*, No. SACV1800619ABSSX, 2018 WL 5279567, at *4 (C.D. Cal. July 25, 2018); *WP Banquet, LLC v. Lowe's Cos.*, No. 216CV02137CASGJSX, 2016 WL 4472933, at *4 (C.D. Cal. Aug. 24, 2016).

## II. Traditional Stay Factors

Defendants also argue that the traditional factors to be considered in granting a stay favor granting the Motion because Defendants "will suffer a hardship of the cost and expense of defending a parallel tracked litigation for alleged infringement for which they no longer have the government contract," while the *Joseph* "[A]ction will simplify the issues, proof, and questions of law if the stay was later lifted and the [instant] litigation re-

---

[1] To the extent StOps now argues that this action alleges that Defendants have induced infringement in others who have manufactured other trauma training products, *see* Opp'n at 4–5, that allegation is thin, at best, and hinges upon a single word in the Complaint: "In doing so, Defendants have purposefully intended it, and *others*, to infringe the . . . Patent[s-in-Suit]." Compl. ¶ 36 (emphasis added). Not only is the antecedent for "it"—and therefore "others"—unclear, but the rest of the Complaint is focused on Defendants' infringement with respect to the TTK in particular. *See generally id.* ¶¶ 21–25, 28–38; *see also id.* Exs. 3–4.

"In the event that the Court determines that the original Complaint has failed to point out sufficient details regarding the factors which supports denying the Motion to Stay, StOps requests this [M]otion be denied pending the filing of an Amended Complaint in which the factors can be more completely ple[]d." Opp'n at 10. The Court **DENIES** StOps' request, which is not properly before the Court. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

started." Mot. at 8. StOps counters that, "[i]f this case is stayed, and StOps cannot pursue this case to actively identify and address the various other infringers, the value of StOps['] patented Cut Suit is greatly diminished." Opp'n at 8. On the other hand, the "Moving Defendants have not identified any meaningful hardship that would result from the denial of a stay beyond having to defend against [StOps'] claims in this action, which is insufficient by itself to justify a stay." *Id.* (quoting *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, No. 16-cv-118-H-KSC, 2016 WL 8738221, at *3 (S.D. Cal. May 13, 2016)). StOps also argues that another case pending before this Court, *Abikar v. Bristol Bay Native Corporation*, No. 17-CV-1036 GPC (AGS) (S.D. Cal. filed May 18, 2017) (the "*Abikar* Action"), "could result in the demise of GTS as a company, and the personnel, evidence and records required by StOps and related to GTS's infringing conduct and the conduct of others would likely be lost," *id.*, thereby "creat[ing] an exigency in having this case heard." *Id.* at 9.

Ultimately, the Court concludes upon consideration of the traditional *Lockyer* stay factors that Defendants have carried their burden of demonstrating that the Court should exercise its discretion to grant a stay under these circumstances. First, the Court must agree with Defendants that StOps' arguments of potential inequity and hardship are primarily based on "hyperbolic speculation." *See* Reply at 3. It is not clear to the Court—particularly based on the current Complaint, *see supra* note 1—that Defendants have obtained other allegedly infringing products manufactured by defendants other than those to the *Joseph* Action. Further, the *Abikar* Action conditionally settled while this Motion was pending, undercutting StOps' arguments predicated on the potential prejudice it might face if the *Abikar* Action were to reach resolution while this action is stayed.

Second, although StOps is correct that Defendants usually cannot show that they will suffer any inequity or hardship sufficient to merit a stay in being forced to proceed with litigation, *see* Opp'n at 8, this general rule is not applicable in the customer-suit context. Rather, the customer-suit "rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in

6

18-CV-189 JLS (WVG)

the dispute." *In re Nintendo of Am., Inc.*, 756 F.3d at 1365. Consequently, Defendants have adequately demonstrated that they "may suffer hardship or inequity in the absence of a stay from *duplicative* litigation with issues that largely overlap" with the *Joseph* Action. *See Xiaohua Huang*, 2018 WL 5099275, at *5 (emphasis added); *see also Upaid Sys., Ltd. v. CleanDan*, No. SACV1800619ABSSX, 2018 WL 5279567, at *4 (C.D. Cal. July 25, 2018) ("[F]orcing Defendant to litigate issues that will be litigated in the Related Action would be an unnecessary strain on Defendant.").

Third and finally, staying this case pending resolution of the *Joseph* Action is likely to simplify the issues, proof, and/or questions of law in the instant action. As discussed above, the Patents-in-Suit are identical to two of the three patents-in-suit in the *Joseph* Action and both suits allege theories of patent infringement based on the TTK manufactured and/or sold by the defendants in the *Joseph* Action. Consequently, "the orderly course of justice is served best by litigating [StOps'] patent claims first against the upstream manufacturer, [the defendants in the *Joseph* Action], before the claims against the downstream customer." *See Xiaohua Huang*, 2018 WL 5099275, at *5; *see also Upaid Sys., Ltd.*, 2018 WL 5279567, at *4 ("[T]he [*Joseph* Action] will address, among other things, whether the [TTK] infringed the . . . patent[s-in-suit], and will resolve all the major issues of law and fact presented here.").

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion (ECF No. 15) and **STAYS** this action pending resolution of *Strategic Operations, Inc. v. Joseph*, No. 17-cv-1539 JLS (WVG) (S.D. Cal. filed July 28, 2017). The Parties **SHALL FILE** a notice with the Court within <u>seven (7) days</u> of the resolution of the *Joseph* Action.

**IT IS SO ORDERED.**

Dated: May 7, 2019

Hon. Janis L. Sammartino
United States District Judge